# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br>　　Plaintiff,<br><br>　　　　v.<br><br>GEORGE W. AGAK,<br>　　Defendant. | CV 19-2297 DSF (AGRx)<br><br>Order re Remand |

　　Plaintiff Wells Fargo Bank, N.A. removed this case based on Defendant's state court counterclaim.[1] The Court will assume that Defendant's counterclaim, if it had been asserted by a plaintiff, would confer CAFA jurisdiction in this Court. However, it has long been decided that a plaintiff cannot remove actions. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). The Ninth Circuit has explicitly decided that Shamrock Oil's holding was not altered by the enactment of CAFA. Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1017–18 (9th Cir. 2007).

　　The Court believes that this deficiency is jurisdictional and, therefore, subject to *sua sponte* remand. See Shamrock Oil, 313 U.S. at 108-109. However, in an abundance of caution, the Court will allow Defendant time to file a formal motion to remand. The motion may be brought on an ex parte basis and need only state

---

[1] For clarity, the Court uses the federal term "counterclaim" rather than the California term "cross-claim."

Defendant's agreement with this Order and desire for the case to be remanded. While, by statute, Defendant has 30 days from removal to file for remand, in the interest of the efficient administration of justice, the Court requests that the motion be filed no later than April 8.

No later than April 8, Plaintiff is ordered to show cause, in writing, why it should not be sanctioned for removal of the case given the clear authority barring removal.

IT IS SO ORDERED.

Date: April 1, 2019

*Dale S. Fischer*

Dale S. Fischer
United States District Judge